UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

PADUCAH SHOOTER'S SUPPLY, INC.                                        PETITIONER


v.                                                CIVIL ACTION NO: 5:23-CV-88-BJB


ADAM P. ROGERS, in his Official Capacity as
Director Of Industry Operations, Louisville Field Division,
Bureau of Alcohol, Tobacco, Firearms and Explosives            RESPONDENT


## RESPONDENT'S ANSWER AND DEFENSES

Respondent Adam Rogers, Director of Industry Operations, Louisville Field Division, Bureau of Alcohol, Tobacco, Firearms and Explosives (Respondent), hereby Answers the Verified Petition [DN 1] filed by Paducah Shooter's Supply (Petitioner):

1.      Respondent admits that Petitioner has filed a petition seeking *de novo* review of Respondent's decision to revoke Petitioner's federal firearms license, as alleged in Paragraph 1.

2.      Respondent admits that Petitioner has requested injunctive relief, as alleged in Paragraph 2.

3.      Respondent admits that the Court has subject matter jurisdiction, as alleged in Paragraph 3.

4.      As to the allegations in Paragraph 4, Respondent states that 28 U.S.C. § 2412 speaks for itself. Respondent admits the allegations in Paragraph 4 that are consistent with that statute and denies any allegations that are inconsistent.

5.      Respondent admits the allegations in Paragraph 5.

1

6.   Respondent admits the allegations in Paragraph 6.

7.   Respondent admits the allegations in Paragraph 7.

8.   Respondent lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 8, which has the effect of a denial.

9.   In response to the allegations in Paragraph 9, Respondent admits that ATF Industry Operations Investigators conducted a compliance inspection of Petitioner covering the time period of July 15, 2021, through July 18, 2022, and that investigators identified errors in multiple documents.

10.   In response to the allegations in Paragraph 10, Respondent admits that Petitioner made record keeping errors and refers to Exhibit A to the Petition, which identifies the statutory and regulatory violations at issue and the facts supporting ATF's decision to revoke Petitioner's federal firearms license. Respondent denies all remaining allegations in Paragraph 10.

11.   Respondent admits the allegations in Paragraph 11.

12.   In response to the allegations in Paragraph 12, Respondent admits that Petitioner timely filed a request for hearing but denies that it was filed on December 15, 2022.

13.   Respondent admits the allegations in Paragraph 13.

14.   In response to the allegations in Paragraph 14, Respondent admits that DIO Rogers issued a Final Notice of Revocation on May 8, 2023, which Petitioner attached as Exhibit A to the Petition, but denies all remaining allegations.

2

15.     As to the allegations in Paragraph 15, Respondent admits that Petitioner's counsel emailed ATF's counsel and that the email Petitioner's counsel sent is attached as Exhibit B to the Petition. Respondent denies all remaining allegations in Paragraph 15.

16.     As to the allegations in Paragraph 16, Respondent admits that DIO Rogers emailed Petitioner's counsel and that the email Petitioner sent, which is attached as Exhibit C to the Petition, speaks for itself.

17.     As to the allegations in Paragraph 17, Respondent admits that Petitioner's counsel emailed ATF's counsel and that the email Petitioner sent, which it attached as Exhibit D to the Petition, speaks for itself.

18.     Respondent admits that federal firearms licensees are subject to record keeping requirements but denies all other allegations in Paragraph 18.

19.     As to the allegations in Paragraph 19, Respondent refers to the congressional testimony Petitioner referenced and states that it speaks for itself. Respondent denies all remaining allegations in Paragraph 19.

20.     Respondent lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 20, which has the effect of a denial.

21.     Respondent lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 21, which has the effect of a denial.

22.     Respondent lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 22, which has the effect of a denial.

23.     Respondent hereby adopts and incorporates his answers and responses to the allegations of Paragraphs 1-22 of the Petition, as if fully set forth herein.

24.     As to the allegations in Paragraph 24, Respondent states that 18 U.S.C. § 923(f)(3) speaks for itself. Respondent admits the allegations in Paragraph 24 that are consistent with that statute and denies any allegations that are inconsistent.

25.     Respondent admits the allegations in Paragraph 25.

26.     Respondent admits the allegations in Paragraph 26.

27.     Respondent denies the allegations in Paragraph 27.

28.     Respondent denies the allegations in Paragraph 28.

29.     Respondent denies the allegations in Paragraph 29.

30.     Respondent denies the allegations in Paragraph 30.

31.     Respondent hereby adopts and incorporates his answers and responses to the allegations of Paragraphs 1-30 of the Petition, as if fully set forth herein.

32.     As to the allegations in Paragraph 32, Respondent states that 18 U.S.C. § 924(d)(2)(B) speaks for itself. Respondent admits the allegations in Paragraph 32 that are consistent with that statute and denies any allegations that are inconsistent.

33.     Respondent denies the allegations in Paragraph 33.

34.     Respondent denies the allegations in Paragraph 34.

35.     Respondent hereby adopts and incorporates his answers and responses to the allegations of Paragraphs 1-34 of the Petition, as if fully set forth herein.

**36.**     As to the allegations in Paragraph 36, Respondent states that

28 U.S.C. § 2412(d)(1)(A) speaks for itself. Respondent admits the allegations in

Paragraph 36 that are consistent with that statute and denies any allegations that are

inconsistent.

**37.**     Respondent denies the allegations in Paragraph 37.

**38.**     Respondent denies the allegations in Paragraph 38.

**39.**     As to the allegations in Paragraph 39, Respondent states that the Eighth

Amendment to the United States Constitution and the cases quoted in Paragraph 39

speak for themselves. Respondent admits the allegations in Paragraph 39 that are

consistent with those sources and denies any allegations that are inconsistent.

**40.**     Respondent denies the allegations in Paragraph 40.

**41.**     Respondent denies the allegations in Paragraph 41.

**42.**     Respondent hereby adopts and incorporates his answers and responses to

the allegations of Paragraphs 1-41 of the Petition, as if fully set forth herein.

**43.**     Respondent admits the allegations in Paragraph 43.

**44.**     As to the allegations in Paragraph 44, Respondent states that the Second

Amendment to the United States Constitution speaks for itself. Respondent admits the

allegations in Paragraph 44 that are consistent with the Second Amendment and denies

any allegations that are inconsistent.

**45.**     As to the allegations in Paragraph 45, Respondent states that the Second

Amendment to the United States Constitution speaks for itself. Respondent admits the

allegations in Paragraph 45 that are consistent with the Second Amendment and denies any allegations that are inconsistent.

46.     As to the allegations in Paragraph 46, Respondent states that the case cited by Petitioner speaks for itself.

47.     As to the allegations in Paragraph 47, Respondent states that the case cited by Petitioner speaks for itself.

48.     Respondent lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 48, which has the effect of a denial.

49.     Respondent lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 49, which has the effect of a denial.

50.     As to the allegations in Paragraph 50, Respondent states that the case cited by Petitioner speaks for itself.

51.     Respondent denies the allegations in Paragraph 51.

52.     Respondent denies the allegations in Paragraph 52.

53.     Respondent denies the allegations in Paragraph 53.

54.     Respondent denies the allegations in Paragraph 54.

55.     Respondent hereby adopts and incorporates his answers and responses to the allegations of Paragraphs 1-54 of the Petition, as if fully set forth herein.

56.     Respondent denies the allegations in Paragraph 56.

57.     As to the allegations in Paragraph 57, Respondent states that the case cited by Petitioner speaks for itself.

**58.**     As to the allegations in Paragraph 58, Respondent states that the case cited by Petitioner speaks for itself.

**59.**     Respondent denies the allegations in Paragraph 59.

**60.**     Respondent denies the allegations in Paragraph 60.

The "Wherefore" clause of the Petition and the paragraphs following it, numbered 61–67, sets out Petitioner's prayer for relief, to which no response is required. To the extent that a response is required, Respondent denies that Petitioner is entitled to any relief in this case. ATF's decision to revoke Petitioner's federal firearms license should be affirmed.

Any allegations in the Petition that were not specifically addressed above are hereby denied.

### RESPONDENT'S AFFIRMATIVE DEFENSES

1.  Petitioner fails to state a claim upon which relief can be granted.

2.  Respondent's revocation of Petitioner's application was authorized by 18 U.S.C. § 923(d), and judgment on Petitioner's appeal should be granted in Respondent's favor.

3.  To the extent the Petitioner lacks standing for any claim, the petition is subject to dismissal.

4.  To the extent Petitioner brings or asserts unripe claims, the petition is subject to dismissal.

5.  To the extent Petitioner presents moot claims or disputes, the petition is

subject to dismissal.

6. To the extent Petitioner's claims are time barred, the petition is subject to dismissal.

7. To the extent Petitioner has failed to exhaust administrative remedies or satisfy any claims processing rules, the petition is subject to dismissal.

8. To the extent Petitioner asserts claims barred by sovereign immunity, the petition is subject to dismissal.

9. Respondent incorporates by reference all applicable affirmative defenses under the Federal Rules of Civil Procedure, including but not limited to those defenses that may become available as the litigation of this matter progresses.

10. Respondent hereby specifically reserves the right to assert any and all other defenses, not currently known, which it may have or through discovery learn may be applicable.

WHEREFORE, based on all the foregoing, Respondent requests:

1. Petitioner's petition be dismissed, and judgment granted in Respondent's favor on all claims asserted against him;

2. That all costs be assessed against Petitioner; and,

3. Such other relief as the court deems just and proper.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

*/s/ Timothy D. Thompson*
Timothy D. Thompson
Assistant United States Attorney
Western District of Kentucky
717 West Broadway
Louisville, KY 40202
(502) 582-6238
Timothy.thompson@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2023, I electronically filed the foregoing with the clerk of the court using the CM/ECF system, which automatically provides notice of filing to all parties.

*/s/ Timothy D. Thompson*
Timothy D. Thompson
Assistant United States Attorney